■ SCHINDLER ELEVATOR CORPORATION, Appellant-Respondent, v 388 WILLIS, LLC, Respondent-Appellant. [911 NYS2d 621]—

Order, Supreme Court, New York County (James A. Yates, J.), entered May 11, 2010, which, to the extent appealed from, after a nonjury trial, directed defendant to pay to plaintiff the sum of $75,000 over a period of three years in monthly payments of $2,083.34 each, and dismissed defendant's counterclaims, unanimously affirmed, without costs.

The trial court correctly found that the clause of the contract, "Balance to be financed up to a 60 month term coinciding with the execution of the Elevator Service Agreement," is ambiguous. In particular, the clause does not identify the terms of the financing or the financier. While logic would suggest that plaintiff will be the financier since the terms of a loan from a third party would be a matter between defendant and the third party, the clause does not so state.

Given these material gaps, the alleged oral representations of plaintiff's sales representative do not contradict, add to or modify the written agreement, but provide clarity as to the parties' intentions, and the court properly considered them in interpreting the meaning of the clause (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

The court correctly dismissed defendant's counterclaims alleging trespass and seeking punitive damages therefor, since the testimony of plaintiff's engineer was uncontradicted: he asked the security guard's permission to enter, obtained the key from the guard, went directly to the elevator, and recovered the motherboard. Concur—Mazzarelli, J.P., Acosta, Richter, Abdus-Salaam and Román, JJ.